Douglas B. Provencher (Cal. St. Bar No. 77823)
Provencher & Flatt LLP
823 Sonoma Avenue
Santa Rosa, CA 95404
(707) 284-2380
(707) 284-2387 Facsimile
DBP@ provlaw.com

Attorneys for plaintiff, Briarcroft, LTD, doing business as Ireko

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 09 3445

| | |
|---|---|
| BRIARCROFT, LTD, a California corporation doing business as IREKO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WISNER O'NEEL III, aka ROBERT W. O'NEEL, aka ROB O'NEEL, TATIANA ABRACOS, aka TATIANA O'NEEL.<br><br>Defendants, | Case No.<br><br>**COMPLAINT FOR MONEY**<br><br>**[Jury Demanded]** |

Plaintiff alleges:

**PARTIES**

1. Plaintiff, Briarcroft, LTD dba IREKO ("Ireko") is a California Corporation doing business throughout California.

2. The defendants, Robert W. O'Neel III and Tatiana Abracos are residents of New York, New York.

## JURISDICTION AND VENUE

5. <u>Jurisdiction.</u> This court has jurisdiction pursuant to 28 U.S.C. 1332.

6. <u>Venue.</u> Venue is proper in United States District Court pursuant to the provisions of 28 U.S.C. §1391(a) (1) and (2). Jurisdiction in this civil action is founded on diversity of citizenship. Plaintiff is a California Corporation. Defendants are residents of New York State. The transaction(s) which are the subject of this action all occurred in the Northern District of California; Defendants are subject to jurisdiction in this judicial district.

7. <u>Intradistrict Assignment.</u> Pursuant to Local Rule 3-2(d), this civil action shall be assigned to the San Francisco Division or the Oakland Division because the events arose in the County of Sonoma.

## GENERAL ALLEGATIONS

8. In July 2005, the defendants retained Ireko, a Northern California design firm, to supervise and oversee the design, construction and furnishing of the defendants' estate at 7383 Shiloh Ridge Road, Santa Rosa, California. After the initial retainer of $687.50, the defendants agreed to pay Ireko $50,000 a month until the construction commenced and Ireko provided floor plans for the rooms in the main house; then the defendants agreed to pay Ireko $100,000 per month.

9. The defendants' estate project encompassed the construction of a 10,000 plus square foot house with related outbuildings, a recreation barn with a full size gymnasium duplicating the Indiana Hoosiers facility and a ten-car garage bringing the total to approximately 27,000 square feet not including the wine cave.

10. From July 2005 until December 2007, Ireko provided its professional services to the defendants. In December 2007, the defendants were unable to continue the Santa Rosa project and they advised Ireko to cease working on the project. The defendants stopped paying Ireko in December 2007.

11. Between July 2005 and December 2007, Ireko designed the exterior and interior of the defendants' estate, oversaw the work of other professionals, selected, recommended, obtained and provided the defendants with an extensive choice of furnishings, furniture, color

palates, finishes, floor coverings, windows, doors, roof tiles and related design requirements. Ireko purchased furniture and furnishings for the defendants' account which the defendants accepted and partially paid for but Ireko maintains control and possession of those items.

12. Between July 2005 and December 2007:

(1) After the initial retainer of $687.50, Ireko incurred and charged the defendants $50,000 a month for its services for a total of $1,450,687.50.

(2) Ireko incurred and charged the defendants $1,008,016.42 for furniture, furnishings, antiques and other goods.

(3) Ireko incurred and charged the defendants $187,685.62 for services provided by third parties.

(4) Ireko incurred and charged the defendants $49,097.72 for storage and freight. These charges continued to accrue through December 2008 for an additional $11,400.00.

(5) The O'Neels paid Ireko $2,370,000.00 between July 2005 and December 2007 leaving an unpaid balance as of December 2007 of $325,487.26.

(6) Any unpaid balance accrues a late fee at the rate of 1.5% per month.

13. On December 12, 2008, Ireko sent the defendants a Notice of Private Sale of Goods stating that the defendants' failure to pay their outstanding balance and accrued late charges due of $405,297.68 as of November 3, 2008 might result in the sale of the furniture, fixtures, art objects, antiques and other items. A copy of the Notice is attached as Exhibit A.

14. The defendants responded to the Notice of Private Sale, initially by contacting Ireko, and then by their counsel, Glenn M. Smith, in Santa Rosa, California.

15. Within the last few weeks Ireko has learned through public records that the defendant, Robert W. O'Neel III is a defendant in lawsuits in New York, Idaho and California. Specifically, Robert W. O'Neel III is a defendant in the following actions:

(1) *Premier Financial Services, LLC v. Robert W. O'Neel III*, filed November 3, 2008, Sonoma County Superior Court Case Number SCV 243917. Premier obtained a default judgment on June 3, 2009 for $127,647.08 for the amounts due after repossessing and selling a 2004 Ferrari 575M F1 and a 2007 Ferrari F430 Spider leased by Mr. O'Neel.

(2) *Nordby v. Robert O'Neel*, Sonoma County Superior Court, Case Number SCV 245114 filed May 14, 2009 seeking $801,379 in damages. Nordby was the general contractor for the O'Neel estate in Santa Rosa, California.

(3) *Marc S. Jensen & AREA Funding, LLC v. AMDS Holdings, LLC. Shane Gadba W. XE Capital Management, LLC, Bridlepath LLC, and Robert W. O'Neel, III*, filed June 4, 2009 in the United States District Court for the District of Idaho, Case Number 08-283-E-BLW seeking recovery of not less than $12,000,000 from O'Neel. Particularly troubling to plaintiff are the allegations that O'Neel defrauded the plaintiffs out of $10,000,000 allegedly so O'Neel could finance his personal lifestyle including purchasing a luxury jet.

(4) *HSBC Bank, USA v. Robert Wisner O'Neel*, filed February 13, 2009 in the Supreme Court of New York, New York City, Case Number 106250/08. HSCB obtained a judgment against Robert O'Neel for $330,814 on March 20, 2009.

(5) *DCFS USA, LLC dba Mercedes-Benz Financial v. Robert W. O'Neel*, filed February 13, 2009, Supreme Court of New York, New York City, Case Number 101808-2009 seeking the seizure of a 2004 Maybach 62 sedan. An order of Seizure was issued by the Court on June 10, 2009.

(6) *ARKO MB, LLC v. Robert W. O'Neel III, RWO Acquisitions, LLC, OJVMM, LLC, MBC Acquisitions, LLC and Myrtle Beach Acquisitions, LLC* filed April 17, 2009 in the Supreme Court of New York, New York City, Case Number 601022/09 seeking a judgment for $2,259,846.08 for a loan advance under a $25,000,000 loan agreement guaranteed by the defendant Robert W. O'Neel. A motion for summary judgment is pending.

16. Plaintiff has not found any lawsuits pending against Tatiana O'Neel but the pending lawsuits and judgments against the defendant Robert W. O'Neel make it appear unlikely that plaintiff will succeed in enforcing any money judgment it might obtain against the defendants.

17. According to public records, there is a Notice of Default and Election to Sell under Deed of Trust recorded by Sterling Savings Bank stating a defaulted amount due of $522,136.60 recorded September 26, 2008 and a Notice of Default and Election to Sell under Deed of Trust recorded by Clement C. and Ann Marie Carnelli stating a defaulted amount due of $252,688 recorded September 26, 2008 against the defendant, Robert W. O'Neel's real property at 7383 Shiloh Ridge Road, Santa Rosa, California, the estate property.

18. In addition to this pending litigation, plaintiff is informed and believes that the defendant is the primary if not sole owner of Young America Homes, Inc., a California corporation. In Sonoma County alone, real property at 969 Stonecastle Lane, Santa Rosa, California was sold at a foreclosure sale on June 5, 2009. There was also a pending

trustee's sale set for July 20, 2009 on additional real property owned by Young America Homes at 5045 Hall Road, Santa Rosa, California for a defaulted obligation for $3,017,559.

### FIRST CLAIM OF RELIEF
### (For Breach of Oral Contract)

19. Plaintiff realleges Paragraphs 1 through 18, above.

20. Plaintiff performed all of its obligations under the terms of the July 2005 Contract except those obligations that were excused or prevented as a result of the Defendants' breach as alleged herein.

21. On or about November 2008, Defendants breached the contract by failing to pay the sums due under the contract.

22. As a proximate result of Defendants breach of contract, Plaintiff has sustained damages in the sum of $336,887.26 plus accruing late charges at the rate of one and one-half percent per month.

### SECOND CLAIM FOR RELIEF
### (For Goods Provided)

23. Plaintiff realleges Paragraphs 1 through 18 above.

24. Within the last four years, at Sonoma, California, Defendants became indebted to Plaintiff for services performed and goods sold by Plaintiff to Defendants and Defendants agreed to pay the sum of $336,887.26 for the services and goods.

25. Neither the whole nor any part of the $336,887.26 has been paid, although demand has been made, and there is now due, owing and unpaid from Defendants the sum of $336,887.26, together with accruing late charges thereon from the date each installment became due until judgment is entered in this matter.

### THIRD CLAIM FOR RELIEF
### (Open Account)

26. Plaintiff realleges Paragraphs 1 through 18 above.

27. Within four (4) years last past, Defendants became indebted to Plaintiff on an open book account in the sum of $336,887.26 for services and goods provided and sold to the Defendants at the Defendants' special instance and request and for which Defendants agreed to pay the above sum.

28. Neither the whole nor any part thereof has been paid, although demand has been made, and there is now due, owing and unpaid, the sum of $336,887.26 with accruing late charges at the rate of one and one-half percent per month on the unpaid balance.

### FOURTH CLAIM FOR RELIEF
### (For Account Stated)

29. Plaintiff realleges Paragraphs 1 through 18 above.

30. Within four (4) years last past, an account was stated in writing between Defendants and Plaintiff and on such statement a balance of $336,887.26 was found due and owing to Plaintiff from Defendants. Defendants agreed to pay to Plaintiff the balance.

31. Although demanded by Plaintiff from Defendants neither the whole nor any part of the balance has been paid.

32. There is now due, owing and unpaid the sum of $336,887.26 with accruing late charges at the rate of one and one-half percent per month.

### FIFTH CLAIM FOR RELIEF
### (Quantum Meruit)

33. Plaintiffs incorporate the allegations of paragraphs 1 through 18.

34. At the request of defendants, and each of them, plaintiff provided services and goods to defendants. The property has a reasonable value which has not been paid of $336,887.26 plus interest as permitted by law.

### SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

35. Plaintiffs incorporate the allegations of paragraphs 1 through 18.

36. Within the last four years and prior to the commencement of this action, defendants, and each of them, have been unjustly enriched by the receipt of services and personal property which defendants use for their purposes.

37. Defendants have failed and refused and continue to fail and refuse to compensate plaintiff for the value of the personal property. Plaintiffs have been damaged in the amount of $336,887.26 plus interest as allowed by law.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Relief)

38.   Plaintiffs incorporate the allegations of paragraphs 1 through 18.

39.   There exists a dispute between the plaintiff and the defendants as to the following matters and this dispute requires a judicial determination of these issues:

   a.   Plaintiff claims and defendants deny that plaintiff has a lien, either under common law or under the California Commercial Code, against the personal property in plaintiff's possession or under plaintiff's control;

   b.   Plaintiff claims and defendants deny that plaintiff had the right to notice and conduct a private sale of the personal property in plaintiff's possession or under plaintiff's control under common law or the California Commercial Code;

   c.   Plaintiff claims and defendants deny that plaintiff has the right to retain possession and control of the personal property in its possession and under its control, which personal property was purchased for the defendants and which the defendants accepted but for which, plaintiff claims, the defendants have not paid the balance due.

   d.   Any other claims asserted by the plaintiff and denied by the defendants.

40.   Plaintiff desires a judicial determination of the parties' respective rights and duties relative to these matters. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights and duties and obtain a fair and just adjudication of the dispute.

## EIGHTH CLAIM FOR RELIEF
### (Foreclosure of Lien)

41.   Plaintiffs incorporate the allegations of paragraphs 1 through 18.

42.   Plaintiff has a lien under common law or the California Commercial Code, or both, against the personal property in plaintiff's possession or under plaintiff's control.

43.   Plaintiff has the right to foreclose upon that lien, to the extent plaintiff has not already done so.

44.   Plaintiff has the right to sell the personal property in its possession or under plaintiff's control at either a public or private sale, to the extent plaintiff has not already done so,

and to apply the proceeds of the sale to the defendants' outstanding account.

## NINTH CLAIM FOR RELIEF
### (Quiet Title)

45. Plaintiffs incorporate the allegations of paragraphs 1 through 18.

46. Plaintiff claims ownership pursuant to the private sale and pursuant to its common law and statutory liens against the personal property in plaintiff's possession or under plaintiff's control.

47. Plaintiff seeks a determination that it has title and ownership of the personal property in its possession and under its control.

WHEREFORE, Plaintiff prays judgment as follows:

1. For $336,887.26 plus late charges at the rate of one and one-half percent per month from the date of each unpaid invoice;

2. For a judicial determination that:

   a. Plaintiff has a lien, either under common law or under the California Commercial Code, against the personal property in plaintiff's possession or under plaintiff's control;

   b. Plaintiff had the right to notice and conduct a private sale of the personal property in plaintiff's possession or under plaintiff's control under common law or the California Commercial Code;

   c. Plaintiff has the right to retain possession and control of the personal property in its possession and under its control, which personal property was purchased for the defendants and which the defendants accepted but for which, plaintiff claims, the defendants have not paid the balance due.

3. That plaintiff owns the personal property in its possession and under its control;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court deems just and appropriate.

Dated: 7/24/09

Provencher & Flatt LLP

By: _____
Douglas B. Provencher (77823)
Attorneys for Plaintiff

## Notice of Private Sale of Goods
## NOTICE

To: Robert W. O'Neel, III and Tatiana O'Neel

Notice is hereby given, pursuant to Section 2706 of the California Uniform Commercial Code, that the undersigned, Briarcroft, LTD, doing business as Ireko, under the authority of Section 2703 of the California Uniform Commercial Code, and by reason of your breach of our contract for the sale of furniture, fixtures, art objects, antiques and other items, in that you have failed to pay the sum of $405,297.68 as of November 30, 2008, is going to resell at private sale the following described goods:

All furniture, fixtures, art objects, antiques and other items in possession of Briarcraft.

You are further notified that you shall be held liable for any loss sustained by the undersigned on such resale to the extent authorized by the California Uniform Commercial Code.


Dated:  December 12, 2008

Briarcroft, LTD

By_____
Douglas B. Provencher
Attorney for Briarcroft, LTD.
Provencher & Flatt LLP
823 Sonoma Avenue
Santa Rosa, CA 95404
(707) 284-2380
(707) 284-2387 Facsimile
DBP@provlaw.com

EXHIBIT A